# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

| | |
|---|---|
| JAY GOGA MAHARAJ, INC., | : |
| Plaintiff, | : |
| v. | :    **Case No.** |
| UNITED STATES OF AMERICA, | : |
| Defendant. | : |

## COMPLAINT

Plaintiff Jay Goga Maharaj, Inc., by and through undersigned counsel, pursuant to 7 U.S.C. § 2023 and 7 C.F.R. § 279.7, hereby files this Complaint against Defendant United States of America and alleges:

1. This action seeks judicial review of the Final Agency Decision ("FAD"), dated April 8, 2026, issued by the U.S. Department of Agriculture's ("USDA") Food and Nutrition Service ("FNS"), which imposed a six-month term disqualification on Jay Goga Maharaj, Inc.'s retail food store, Oddfellows Food & Liquor, and precluding its participation as an authorized retailer in the Supplemental Nutrition Assistance Program ("SNAP").

## PARTIES

2. Plaintiff Jay Goga Maharaj, Inc. is a Wisconsin corporation.

3. Plaintiff Jay Goga Maharaj, Inc. is a resident and citizen of the State of Wisconsin.

4. Plaintiff Jay Goga Maharaj, Inc. is the owner of Oddfellows Food & Liquor, a retail food store located at 821 Main Street, Racine, Wisconsin 53403 ("Oddfellows Food & Liquor").

5. Oddfellows Food & Liquor is a "Retail Food Store" as defined in 7 C.F.R. § 271.2.

6. Defendant United States of America is the federal government.

7. USDA is an executive branch department of the federal government.

8. FNS is an agency of the USDA.

9. FNS generally administers and has promulgated regulations governing the SNAP pursuant to a delegation by Congress in Section 4 of the Food and Nutrition Act of 2008, 7 U.S.C. § 2013, and from the USDA Secretary.

10. Formerly known as the Food Stamp Program, SNAP provides supplemental nutrition benefits to approximately 40 million Americans and 680,000 residents of Wisconsin. SNAP aims to provide eligible low-income households with increased food purchasing power. 7 U.S.C. § 2011.

11. Pursuant to SNAP regulations set forth in 7 C.F.R. Part 278, FNS asserts that it has regulatory authority to authorize and disqualify retail food stores from participating in SNAP.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 7 U.S.C. § 2023, 7 C.F.R. § 279.7, 28 U.S.C. §§ 1331 and 1346.

13. Venue in this district is proper under 7 U.S.C. § 2023 and 28 U.S.C. §§ 1391(b) and (e) because Oddfellows Food & Liquor, the retail food store that is the subject of this action, is located in this judicial district and because the United States of America is deemed a resident of this district and has consented to suit in this district.

14. Oddfellows Food & Liquor has exhausted all applicable administrative remedies required prior to the institution of this action.

## FACTUAL ALLEGATIONS

15. Oddfellows Food & Liquor is a convenience store that serves an impoverished community in Racine.

2

16. At all times relevant hereto, Oddfellows Food & Liquor is and has been authorized by FNS to participate in SNAP as an authorized retailer.

17. At all times relevant hereto, Oddfellows Food & Liquor has trained its employees regarding SNAP in accordance with FNS requirements.

18. At all times relevant hereto, Oddfellows Food & Liquor properly supervised its employees regarding SNAP transactions and program requirements.

19. At all times relevant hereto, Oddfellows Food & Liquor sold SNAP-eligible staple food items.

20. At all times relevant hereto, Oddfellows Food & Liquor also sold SNAP ineligible items.

21. A majority of items sold at Oddfellows Food & Liquor are (and were) SNAP-eligible items.

22. The Food and Nutrition Act does not define "common ineligible items."

23. FNS's SNAP regulations do not define "common ineligible items."

24. FNS has not issued any publicly issued guidance defining "common ineligible items."

25. Coffee filters are not "common ineligible items" under FNS's regulations or otherwise.

26. No other SNAP-authorized retail food store in the vicinity carries as wide an array of SNAP-eligible items at comparable prices.

27. At all times relevant hereto, Oddfellows Food & Liquor is and has been authorized by FNS to redeem SNAP benefits. Oddfellows Food & Liquor's FNS-issued SNAP authorization number is #0912519.

28. On or about January 5, 2026, FNS's Retailer Operations Division ("ROD") sent Oddfellows Food & Liquor a letter charging the Store with accepting SNAP benefits in exchange for "common ineligible items," [sic] in alleged violation of FNS's SNAP regulations contained at 7 C.F.R. § 278.2(a) ("Charge Letter").

29. The Charge Letter alleged that Oddfellows Food & Liquor sold coffee filters on one occasion on June 6, 2026.

30. On or about January 29, 2026, Oddfellows Food & Liquor submitted its response to the Charge Letter.

31. On February 12, 2026, FNS issued its initial determination ("Initial Determination"). In the Initial Determination, FNS concluded that the alleged violations set forth in the attachments to the Charge Letter occurred, declined to issue a warning or assess a Hardship CMP, and disqualified the Store from participating in SNAP for six months.

32. The Initial Determination, which consisted of a short form letter, advised that FNS found that "the violations occurred at your store."

33. On or about February 12, 2026, Oddfellows Food & Liquor timely sought administrative review of the Initial Determination pursuant to 7 C.F.R. Part 279.

34. On April 1, 2026, Oddfellows Food & Liquor submitted its response in support of its Request for Administrative Review of the Initial Determination ("Oddfellows Food & Liquor's Response").

35. Oddfellows Food & Liquor's Response requested that FNS's Administrative and Judicial Review Branch ("ARB") reverse the Initial Determination and either issue it a warning or assess a Hardship CMP.

36. On April 9, 2026, FNS Administrative Review Officer ("ARO") Robert Deegan issued the FAD to counsel for the Store. A copy of the FAD is attached hereto as Exhibit A.

37. In its FAD, FNS rejected all of Oddfellows Food & Liquor's arguments, notwithstanding the evidence submitted by the Store, and affirmed the Initial Determination that imposed a six-month term disqualification from SNAP upon Oddfellows Food & Liquor.

4

38. The FAD failed to address Oddfellows Food & Liquor's argument that a single box of coffee filters is not "common ineligible item<u>s</u>." [sic]

39. The FAD rejected Oddfellows Food & Liquor's argument that the management of the Store was not careless and did not poorly supervise its employees, concluding that

> Had an effective compliance policy and program been in effect at the firm, it is unlikely that these employees would have made such an obvious mistake. The more likely explanation is that these employees [sic] would have made such an obvious mistake. The more likely explanation is that store ownership and/or management failed to properly train and subsequently supervise these employees. Additionally, had store ownership and/or management been supervising these employees through occasionally monitoring them using videotape, if available, or in person, it would have readily noticed that these employees were allowing the sale of ineligible nonfood items in exchange for SNAP benefits. It also would have been immediately evident to store ownership and/or management that these employees were deficient in their knowledge of SNAP rules and regulations had it periodically spot checked these employees' knowledge and abilities by asking questions about SNAP eligible/ineligible items. Either of these basic supervisory techniques would have provided a no cost method for store ownership and/or management to ensure that store employees were not putting the firm's SNAP license at risk. These are clear signs of poor or no supervision by store ownership and/or management.

FAD at 7.

40. ARO Deegan did not conduct any independent analysis of the allegations set forth in the Charge Letter and merely relied upon the undercover investigator's report.

41. The FAD failed to meaningfully address Oddfellows Food & Liquor's argument that a warning was appropriate.

42. The FAD rejected Oddfellows Food & Liquor's argument that a CMP was appropriate, noting only that the FNS's Office of Retailer Operations and Compliance ("ROC") allegedly determined that there were "seven comparably sized or larger SNAP retailers located within a 1.0 mile radius of Appellant's location that includes three medium grocery stores and four convenience stores. The nearest medium grocery store is approximately 8.0 short blocks or 0.47 miles from Appellant's location. There are other comparably sized and larger stores located

5

slightly further away." *Id.* at 9-10.

43.    The FAD improperly relied upon the ROC's determination, and ARO Deegan did not conduct his own independent analysis.

**44.**    Despite ARO Deegan's conclusions, FNS's SNAP Retailer Locator indicates that there are only three other SNAP-authorized retailers within ½ mile of the Store.

**FNS's SNAP REGULATIONS**

45.    Pursuant to 7 C.F.R. § 278.6(e)(5), the penalty for a firm not previously sanctioned for accepting SNAP benefits in exchange for "common ineligible items due to carelessness or poor supervision" (emphasis added) is a six-month term disqualification from participation in SNAP.

46.    FNS is required to "send the firm a warning letter if violations are too limited to warrant a disqualification." 7 C.F.R. § 278.6(e)(7).

47.    Pursuant to FNS's regulation governing Hardship CMPs, 7 C.F.R. § 278.6(f)(1), FNS is required to impose a CMP as a sanction in lieu of disqualification when doing so would "cause hardship to SNAP households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices."

**COUNT I - JUDICIAL REVIEW OF FINAL AGENCY ACTION PURSUANT TO 7 U.S.C. § 2023 AND 7 C.F.R. § 279**

48.    Plaintiff repeats and re-alleges paragraphs 1 through 47 as if fully set forth herein.

49.    Oddfellows Food & Liquor denies that it engaged in violations of FNS's SNAP regulations or that a six-month disqualification from SNAP was an appropriate penalty.

50.    Oddfellows Food & Liquor did not sell any "common ineligible items" in exchange for SNAP benefits.

51.    At no time did Oddfellows Food & Liquor poorly supervise its employees.

52.    No evidence in the Administrative Record supports FNS's determination that Oddfellows

6

Food & Liquor poorly supervised its employees.

53. At no time did Oddfellows Food & Liquor act carelessly in permitting the sale of "common ineligible items" in exchange for SNAP benefits.

54. No evidence in the Administrative Record exists that supports FNS's determination that Oddfellows Food & Liquor acted carelessly in permitting the sale of "common ineligible items" in exchange for SNAP benefits.

55. FNS's determination that Oddfellows Food & Liquor sold "common ineligible items" in exchange for SNAP benefits was invalid, unreasonable, arbitrary, capricious, and unsupported by the evidence.

56. FNS's determination that Oddfellows Food & Liquor poorly supervised its employees was invalid, unreasonable, arbitrary, capricious, and unsupported by the evidence.

57. FNS's determination that Oddfellows Food & Liquor acted carelessly in permitting "common ineligible items" to be sold in exchange for SNAP benefits was invalid, unreasonable, arbitrary and, capricious, and unsupported by the evidence.

58. FNS's six-month disqualification of Oddfellows Food & Liquor's participation in SNAP and denial of its request for a Hardship CMP was invalid, unreasonable, arbitrary and capricious, and unsupported by the evidence. *See Kim v. United States¸* 903 F. Supp. 118 (D.D.C. 1995) (reversing FNS's imposition of a six-month term disqualification where there was no evidence of intent, no evidence that a pattern of selling ineligible items due to carelessness existed, no prior warnings were given, and no trafficking took place).

59. FNS's six-month disqualification of Oddfellows Food & Liquor from participating in SNAP and denial of its request for a warning should be reversed because FNS failed to consider all evidence related to the Store.

60. FNS failed to properly investigate and consider all available evidence in determining whether staple food items were available at comparable prices at other SNAP-authorized stores in the vicinity.

61. FNS's use of a one-mile radius of Oddfellows Food & Liquor for determining whether other stores in the vicinity sold as many staples at comparable prices was arbitrary and capricious.

62. FNS's analysis of other SNAP-authorized stores in the vicinity failed to consider where SNAP beneficiaries who shopped at Oddfellows Food & Liquor resided.

63. FNS officials and employees did not visit other SNAP-authorized stores in the vicinity in June 2025.

64. FNS did not conduct a comparison of prices of staple food items at Oddfellows Food & Liquor and other SNAP-authorized stores in the vicinity in June 2025.

65. FNS's six-month disqualification of Oddfellows Food & Liquor from participating in SNAP and denial of its request for a warning should be reversed because FNS only found that only one SNAP-ineligible item was sold at the Store and concluded without support that the violations were not too limited to warranty a penalty.

66. FNS's six-month term disqualification of Oddfellows Food & Liquor from participating in SNAP and denial of its request for a warning should be reversed because FNS failed to interview any SNAP beneficiaries whose EBT cards were used at the store in June 2025.

67. FNS's six-month term disqualification of Oddfellows Food & Liquor from participating in SNAP was improper because it was not based on evidence that Oddfellows Food & Liquor poorly supervised its employees.

8

68. FNS's six-month term disqualification of Oddfellows Food & Liquor from participating in SNAP was improper because FNS had no evidence that Oddfellows Food & Liquor acted carelessly in permitting the exchange of nonfood items for SNAP benefits.

69. FNS's denial of Oddfellows Food & Liquor's request for a warning was not rationally related to any legitimate governmental interest.

70. FNS's failure to issue a warning to Oddfellows Food & Liquor based on the sale of ineligible items is inconsistent with Congressional intent in enacting the Food and Nutrition Act of 2008.

71. FNS's imposition of a six-month term disqualification based on the sale of a single SNAP-ineligible item is inconsistent with Congressional intent in enacting the Food and Nutrition Act of 2008.

72. FNS's denial of Oddfellows Food & Liquor's request for a warning represents agency action beyond the scope of authority granted by Congress to FNS when it delegated power to promulgate and enforce reasonable regulations in the Food and Nutrition Act of 2008.

73. 7 C.F.R. § 278.6(e)(5) is inconsistent with the directive from Congress contained in 7 U.S.C. § 2021(a)(2) and the Administrative Procedure Act.

74. To the extent that 7 C.F.R. § 278.6(e)(5) purports to provide criteria for the disqualification of a SNAP-authorized retailer food store based on the sale of SNAP-ineligible items, those criteria are inconsistent with the directive from Congress contained in 7 U.S.C. § 2021(a)(1) and the Administrative Procedure Act.

75. FNS's denial of Oddfellows Food & Liquor's request for a warning represents agency action beyond the scope of authority granted by Congress to FNS when it delegated the power to promulgate and enforce reasonable regulations pursuant to the Food and Nutrition Act of

9

2008.

76. District courts must exercise independent judgment in deciding whether an agency has acted within its statutory authority. *Loper Bright v. Raimondo*, 369 U.S. 369 (2024).

77. District courts should no longer grant deference to agency actions.

78. District courts should set aside agency actions that are unsupported by substantial evidence.

79. FNS's decision to deny the Plaintiff's request for a warning exceeded its authority under the Food & Nutrition Act of 2008.

80. FNS's decision to deny the Plaintiff's request for a warning exceeded its authority under its SNAP regulations.

81. FNS's decision to deny the Plaintiff's request for a warning was not supported by substantial evidence.

82. At no time did FNS provide Oddfellows Food & Liquor with a warning that non-food items were sold at the Store on June 6, 2026, in exchange for SNAP benefits prior to issuance of the Charge Letter.

83. FNS should have provided Oddfellows Food & Liquor with a warning that coffee filters are not eligible for the redemption of SNAP benefits prior to the issuance of the Charge Letter.

84. FNS should have provided Oddfellows Food & Liquor with a warning that a box of coffee filters had been sold at the Store in exchange for SNAP benefits.

85. FNS had no basis to have concluded that a box of coffee filters was "common ineligible items."

86. Prior to issuing the Initial Determination, FNS failed to conduct any analysis of the variety of staple food products carried at Oddfellows Food & Liquor or any other SNAP-authorized

retailer in the vicinity in June 2025.

87. Upon information and belief, prior to issuing the Initial Determination, FNS failed to conduct any analysis of the pricing of staple food products carried at Oddfellows Food & Liquor.

88. Upon information and belief, prior to issuing the Initial Determination, FNS failed to conduct any analysis of the pricing of staple food products carried at other SNAP-authorized retailers in the vicinity.

89. No other SNAP-authorized retailer in the vicinity sells as wide a variety of SNAP-eligible items at comparable prices as Oddfellows Food & Liquor.

90. FNS's decision to deny Oddfellows Food & Liquor's request for a warning was legally deficient and erroneous, including because the FAD contains no analysis regarding the prices charged for comparable staple food items by other SNAP-authorized retailers in the vicinity.

91. FNS's decision to deny Oddfellows Food & Liquor's request for a warning was legally deficient and erroneous, including because the FAD contained no analysis regarding the varieties of staple food items carried by other SNAP-authorized retailers in the vicinity.

92. FNS's decision to deny Oddfellows Food & Liquor's request for a warning was legally deficient and erroneous, including because the FAD contained no analysis regarding the prices of comparable staple food items carried by other SNAP-authorized retailers in the vicinity.

93. FNS, in issuing the FAD, relied upon records and other information never provided to Oddfellows Food & Liquor.

94. In its FAD, FNS relied upon data concerning other SNAP-authorized stores not "in the vicinity" of the Store.

95. No factual support exists for FNS's decision to deny Oddfellows Food & Liquor's request for a warning.

96. FNS relied upon undisclosed analyses, including analyses of other SNAP-authorized retail food stores, which were never provided to Oddfellows Food & Liquor.

97. The FAD was not based upon any declarations or affidavits from a USDA or FNS employee or contractor whose identity was disclosed to Oddfellows Food & Liquor.

98. The FAD is FNS's final administrative determination that its six-month disqualification of Oddfellows Food & Liquor from SNAP was properly imposed.

99. The FAD is subject to judicial review and a trial *de novo* on all issues pursuant to 7 U.S.C. §§ 2023(a)(13), (15).

100. Judicial reviews pursuant to 7 U.S.C. §§ 2023(a) are not governed by the Administrative Procedure Act, and the evidence is not limited to the administrative record prepared by FNS.

101. The FAD was based on an arbitrary and capricious interpretation of the Food and Nutrition Act of 2008 and FNS's SNAP regulations.

102. The FAD was based on SNAP regulations promulgated by FNS in excess of authority granted to it (and USDA) by Congress.

103. FNS illegally denied Oddfellows Food & Liquor's request for a warning, in violation of the Food and Nutrition Act of 2008 and its SNAP regulations.

104. In issuing the FAD, FNS acted arbitrarily and capriciously by failing to consider all information submitted by or related to Oddfellows Food & Liquor.

105. Plaintiff respectfully requests a *de novo* review of FNS's FAD, which affirmed the term disqualification of Oddfellows Food & Liquor's store from SNAP and determined that the alleged violations took place.

106. Plaintiff respectfully requests a *de novo* review of FNS's FAD, which affirmed the decision in the Initial Determination to decline to issue a warning.

12

WHEREFORE, Plaintiff Jay Goga Maharaj, Inc. respectfully requests that this Court, after conducting a *de novo* review of the FAD, enter judgment in its favor and against the United States and issue an Order granting the following relief:

(a)   Reversing the FAD;

(b)   Vacating FNS's Initial Determination;

(c)   Declaring the FNS's policy of not obtaining data to determine whether other SNAP-authorized stores in the area sell as large a variety of staple food items at comparable prices is arbitrary and capricious, is inconsistent with the Administrative Procedure Act and the Food & Nutrition Act of 2008, and exceeds the authority delegated by Congress therein;

(d)   Declare that the sale of a single SNAP-ineligible items is too limited a violation to warrant a six-month disqualification from SNAP;

(e)   Preliminarily enjoining FNS from disqualifying Oddfellows Food & Liquor from participating in SNAP during the pendency of this action;

(f)   Permanently enjoining FNS from denying Oddfellows Food & Liquor's authorization to participate in SNAP based upon the Initial Determination and the FAD;

(g)   In the alternative, directing FNS to issue a warning letter to Oddfellows Food & Liquor in an amount consistent with FNS's regulations;

(h)   Awarding Jay Goga Maharaj, Inc. an amount equal to its reasonable attorneys' fees and costs, including pursuant to the Equal Access to Justice Act; and

(i)   Such other and further relief as the Court may deem just and proper.

Respectfully submitted this 14th day of April 2026.

By:   */s/* Stewart D. Fried
        Stewart D. Fried, Esq.
        Olsson Frank Weeda Terman Matz PC
        2000 Pennsylvania Avenue, N.W., Suite 4003
        Washington, DC 20006
        Telephone: 202.518.6326
        Facsimile: 202.234.3550
        sfried@ofwlaw.com

*Attorneys for Plaintiff Jay Goga Maharaj, Inc.*

13